**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation; FIDELITY EXPRESS NETWORK, INC., a California corporation, *Plaintiffs-Appellants*, <br><br> v. <br><br> COLIN H. FRIEDMAN, individually and as trustee of Friedman Family trust UDT Dated 7/23/87; HEDY KRAMER FRIEDMAN, individually and as trustee of Friedman Family trust UDT Dated 7/23/87; FARID MESHKATAI, an individual; ANITA KRAMER MESHKATAI, individually and as trustee of Anita Kramer Living Trust Dated 7/23/87, *Defendants-Appellees*. | No. 13-15954 <br><br> D.C. No. 2:11-mc-00072-RCB <br><br><br> ORDER AND AMENDED OPINION |

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, Senior District Judge, Presiding

Argued and Submitted
July 8, 2015—San Francisco, California

Filed August 17, 2015
Amended October 7, 2015

Before:  Susan P. Graber and Paul J. Watford, Circuit Judges, and Paul L. Friedman,[*] District Judge.

Order;
Opinion by Judge Friedman

---

## SUMMARY[**]

---

### Registration of Judgment

The panel issued (1) an order granting a motion to amend its opinion and denying petitions for panel rehearing and rehearing en banc; and (2) an amended opinion reversing the district court's order regarding registration of a judgment.

Agreeing with the Fifth Circuit, the panel held that a registered judgment, entered in one federal district court and registered in another pursuant to 28 U.S.C. § 1963, could itself be registered in a third district. The panel reversed the district court's judgment and remanded the case to the district court.

---

[*] The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Andrew S. Jacob (argued), Polsinelli PC, Phoenix, Arizona, for Defendants-Appellees.

Thomas H. Case (argued ) and Michael G. King, Hennelly & Grossfield LLP, Marina del Rey, California, for Plaintiffs-Appellants.

**ORDER**

Defendants-Appellees' Motion for Amendment of Opinion is GRANTED. The opinion filed August 17, 2015, and published at 2015 WL 4879963, is amended by the opinion filed concurrently with this order, as follows:

At slip opinion page 2, 2015 WL 4879963, at *1, after "We therefore reverse the judgment of the district court" add "and remand the case."

At slip opinion page 8, 2015 WL 4879963, at *3, add the following footnote at the end of the conclusion paragraph:

> [3] We express no view on defendants' alternative theories, which were not decided by the district court or raised on appeal.

At slip opinion page 8, 2015 WL 4879963, at *4, change "REVERSED" to "REVERSED and REMANDED."

The panel has voted to deny Defendants-Appellees' petition for panel rehearing. Judges Graber and Watford have

voted to deny Defendants-Appellees' petition for rehearing en banc, and Judge Friedman has so recommended.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it.

Defendants-Appellees' petition for panel rehearing and petition for rehearing en banc are **DENIED**. No further petitions for rehearing or for rehearing en banc will be entertained.

---

**OPINION**

FRIEDMAN, District Judge:

The federal registration statute, 28 U.S.C. § 1963, permits plaintiffs to take a judgment entered in one federal district court and register it in another. A judgment so registered has "the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.* This case presents a question of first impression in this Circuit: may a registered judgment itself be registered in yet another district? We answer yes — a registered judgment is "[a] judgment in an action for the recovery of money or property entered in any . . . district court," *id.*, and itself may be registered. We therefore reverse the judgment of the district court and remand the case.

## BACKGROUND

Plaintiffs Fidelity National Financial, Inc., and Fidelity Express Network, Inc. (together "Fidelity"), obtained a multimillion dollar civil fraud judgment against defendants in 2002 in the Central District of California. We dismissed defendants' appeal on April 16, 2003, and the judgment thus became final on May 15, 2003. Defendants, however, have satisfied only approximately 0.3% of the amount due and still owe more than $10 million, including interest.

While defendants' appeal in the original case was pending in 2002, Fidelity registered the California judgment in the District of Arizona pursuant to 28 U.S.C. § 1963. In 2007, however, the Arizona registered judgment expired under that state's five-year statute of limitations for the enforcement of judgments.[1] Fidelity's subsequent attempt to renew the Arizona registered judgment or re-register the California judgment was rejected by the district court.[2]

Unable to enforce the Arizona registered judgment or re-register the original California judgment, Fidelity got creative. In 2011, Fidelity registered the California judgment in the Western District of Washington. Fidelity then registered the Washington judgment in the District of Arizona. Defendants cried foul and filed a motion under Rule

---

[1] Arizona Revised Statutes section 12-1551(B) provides that a judgment may not be executed upon "after the expiration of five years from the date of its entry unless the judgment is renewed."

[2] In 2012, the district court vacated the 2007 attempted renewal as untimely because the 2002 Arizona registered judgment had expired under the statute of limitations. *Fid. Nat'l Fin., Inc. v. Friedman*, 855 F. Supp. 2d 948 (D. Ariz. 2012).

60(b) of the Federal Rules of Civil Procedure to vacate the second Arizona registration as void. The district court granted the motion, vacated the second registration, and held that only an original judgment, such as the California judgment in this case, may be registered under 28 U.S.C. § 1963.

## STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision granting defendants' Rule 60(b)(4) motion for relief from judgment. *Export Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995).

## DISCUSSION

Title 28 U.S.C. § 1963 provides:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Fidelity contends that the district court improperly granted relief from judgment because § 1963 permits the registration of a registered judgment. We agree.

Three other courts have considered this issue and reached differing conclusions. In *Del Prado v. B.N. Development Co.*, No. 4:05-CV-234-Y, 2009 WL 10308581, at *3–4 (N.D. Tex. Jan. 9, 2009) ("*Del Prado I*"), the Northern District of Texas confronted this question as a matter of first impression and held that only "the initial judgment on the merits from the rendering court — i.e., the 'judgment in an action for the recovery of money or property' — . . . may be registered." The Fifth Circuit reversed and concluded that, "[i]f a registered judgment is to be given 'the same effect as a judgment of the district court of the district where registered,' we see no reason why the . . . registered judgment should not also be capable of being registered in another federal court and enforced in that court." *Del Prado v. B.N. Dev. Co.*, 602 F.3d 660, 667 (5th Cir. 2010) ("*Del Prado II*"). The District of Colorado, however, rejected the reasoning of the Fifth Circuit and sided with the district court in *Del Prado I*, holding that while a "judgment" is "a document reflecting the determination of a claim on its merits," a registered judgment "is simply the perfection of an existing judgment in another jurisdiction so as to permit foreign enforcement." *De Leon v. Marcos*, 742 F. Supp. 2d 1168, 1173 (D. Colo. 2010), *vacated for lack of jurisdiction*, 659 F.3d 1276 (10th Cir. 2011). Therefore, the Colorado district court reasoned, "only an original judgment resolving an adversarial proceeding for tangible relief can be registered in another jurisdiction." *Id*.

The district court in the instant case essentially adopted the reasoning of the district court in *De Leon*, principally relying on concerns that successive registration, as this process has been termed, "would . . . allow[] Fidelity to circumvent Arizona's statute of limitations." *Fid. Nat'l Fin., Inc. v. Friedman*, 939 F. Supp. 2d 974, 985 (D. Ariz. 2013). The plain language of § 1963, however, persuades us that the

Fifth Circuit's analysis and holding are correct: a registered judgment is a district court judgment like any other, so it also may be registered.

We previously addressed § 1963 in *Hilao v. Estate of Marcos*, 536 F.3d 980, 988 (9th Cir. 2008). In that case, we held that the registering state's statute of limitations, as opposed to the statute of limitations of the original judgment's state, applied to registered judgments, because "registering a judgment under § 1963 is the functional equivalent of obtaining a new judgment of the registration court." *Id.* at 989. The same logic applies here. By the plain language of § 1963, a registered judgment has the "same effect" as an original judgment and thus may itself be registered, provided that it is a "judgment in an action for the recovery of money or property." 28 U.S.C. § 1963. Section 1963 does not limit registration to original judgments.

We disagree with defendants' argument that a registered judgment is not a "judgment in an action" because it is not part of a suit contested on the merits. As we have noted, an "action" is simply a "'a civil or criminal judicial proceeding,' and more specifically . . . 'an ordinary proceeding in a court of justice, by which one party prosecutes another party for the enforcement or protection of a right.'" *SEC v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003) (quoting BLACK'S LAW DICTIONARY 28 (7th ed. 1999)). Although it is unclear whether the "action" here would refer to the Washington registration proceeding or the California suit that resulted in the original judgment, both are "civil . . . judicial proceeding[s]" and both concern Fidelity's attempt to enforce its rights against defendants. The full statutory phrase "judgment in an action for the recovery of money or property" therefore functionally serves only to limit

registration to monetary judgments, as opposed to injunctive relief. *See* 11 CHARLES ALAN WRIGHT ET AL., *Federal Practice and Procedure* § 2787 (3d ed. 2012) ("The registration provision applies only to a judgment for the recovery of money or property. It does not permit enforcement elsewhere of a decree for injunctive relief.").

Defendants contend that this is an absurd result because it enables a plaintiff to jump from jurisdiction to jurisdiction in seeking to recover on its money judgment. Successive registration, however, is hardly unreasonable, let alone so "patently absurd" as to require us to "refuse to give effect to Congress' chosen words." *Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs., Inc.*, 448 F.3d 1092, 1098 (9th Cir. 2006); *see also Tamm v. UST-U.S. Trustee, Honolulu (In re Hokulani Square, Inc.)*, 776 F.3d 1083, 1088 (9th Cir. 2015) ("The absurdity canon isn't a license for us to disregard statutory text where it conflicts with our policy preferences; instead, it is confined to situations 'where it is quite impossible that Congress could have intended the result . . . and where the alleged absurdity is so clear as to be obvious to most anyone.'" (ellipsis in original) (quoting *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 471 (1989) (Kennedy, J., concurring))). Our reading of the statute accords with § 1963's purpose "to simplify and facilitate collection on valid judgments." *Findley v. Blinken (In re Joint E. & S. Dists. Asbestos Litig.*), 22 F.3d 755, 763 (7th Cir. 1994) (quoting *Coleman v. Patterson*, 57 F.R.D. 146, 149 (S.D.N.Y. 1972)). The fact that successive registration potentially allows plaintiffs to register a judgment that has previously expired under a state's statute of limitations is irrelevant in view of the plain language of § 1963.

## CONCLUSION

For the above reasons, we conclude that the registration of the Washington registered judgment was valid; the resulting Arizona registered judgment therefore was enforceable under 28 U.S.C. § 1963. Section 1963 is clear: a registered judgment has the "same effect" as a judgment issued by the registering district and thus itself may be registered, provided that it is "for the recovery of money or property."[3]

**REVERSED and REMANDED.**

---

[3] We express no view on defendants' alternative theories, which were not decided by the district court or raised on appeal.