**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 6 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| APRIL E. DIGGS,<br><br>              Plaintiff-Appellant,<br><br>     v.<br><br>GREENPOINT MORTGAGE FUNDING INC., Its Successors and/or Assigns,<br><br>              Defendant-Appellee. | No. 16-55709<br><br>D.C. No. 5:15-cv-02583-AG-KK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted May 24, 2017**

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

April E. Diggs appeals pro se from the district court's order denying her

motion to vacate the judgment in her action alleging violations of the Truth in

Lending Act ("TILA") and state law.  We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a district court's order denying a motion to vacate judgment under Fed. R. Civ. P. 60(b)(4). *Fid. Nat. Fin., Inc. v. Friedman*, 803 F.3d 999, 1001 (9th Cir. 2015). We affirm.

The district court properly denied Diggs's motion to vacate the judgment under Rule 60(b)(4) because Diggs failed to establish that the judgment was void. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010) (explaining that a judgment is not void "simply because it is or may have been erroneous," rather, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard" (citations omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**