FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL, INC., a Delaware corporation; FIDELITY EXPRESS NETWORK, INC., a California corporation, *Plaintiffs-Appellants*, <br><br> v. <br><br> COLIN H. FRIEDMAN, individually and as trustee of Friedman Family trust UDT Dated 7/23/87; HEDY KRAMER FRIEDMAN, individually and as trustee of Friedman Family trust UDT Dated 7/23/87; FARID MESHKATAI, an individual; ANITA KRAMER MESHKATAI, individually and as trustee of Anita Kramer Living Trust Dated 7/23/87, *Defendants-Appellees*. | No. 17-15913 <br><br> D.C. No. CV 15-2288 DJH <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted October 12, 2018
San Francisco, California

Filed August 22, 2019

Before:  A. Wallace Tashima and Mary H. Murguia,
Circuit Judges, and Robert N. Chatigny,[*] District Judge.

Opinion by Judge Tashima

## SUMMARY[**]

### Registration of Judgments

The panel reversed the district court's order vacating a registered judgment and remanded.

Plaintiffs obtained a civil fraud judgment in California federal court and registered this California judgment in the District of Arizona pursuant to 28 U.S.C. § 1963. Plaintiffs later attempted to renew the Arizona judgment, but the district court ruled that the renewal or re-registration was void as untimely. Plaintiffs next registered the California judgment in Washington federal court and then registered the newly-obtained Washington judgment in the District of Arizona. The district court granted defendants' motion under Fed. R. Civ. P. 60(b) to vacate the newly-registered second Arizona judgment as void. In a prior appeal, the court of appeals reversed, holding that registering the California judgment in Washington created a "new" Washington judgment that could be re-registered in another state under

---

[*] The Honorable Robert N. Chatigny, United States District Judge for the District of Connecticut, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

§ 1963. On remand, the district court again granted relief under Rule 60(b) on the ground that the Washington judgment was void because the Western District of Washington lacked personal jurisdiction over the defendants at the time of registration.

The panel reversed, holding that a court need not have personal jurisdiction over a judgment debtor in order to "merely register" a previously obtained judgment pursuant to § 1963. The panel held that § 1963 itself does not require that the court have personal jurisdiction. Further, the Due Process Clause does not require that a court in which a judgment creditor registers a pre-existing federal judgment have personal jurisdiction over judgment debtors at the time of registration. The panel held that once a federal court of competent jurisdiction has determined the parties' substantive rights and entered a judgment following a proceeding that comports with due process, that federal judgment should be enforceable in any other federal district by way of the federal judgment registration statute.

## COUNSEL

Thomas H. Case (argued) and Michael G. King, Hennelly & Grossfeld LLP, Marina del Rey, California, for Plaintiffs-Appellants.

David M. Bass (argued), David M. Bass & Associates Inc., Los Angeles, California; Dominica J. Minore, The Law Offices of Dominica J. Minore P.C., Scottsdale Arizona; for Defendants-Appellees.

## OPINION

TASHIMA, Circuit Judge:

In order to facilitate the enforcement of federal judgments, 28 U.S.C. § 1963 provides that a judgment entered in a federal court may be registered in any other federal district by "filing a certified copy of the judgment" in that district. In this case we address, as a matter of first impression in our Circuit, whether personal jurisdiction over the judgment debtors in the district of registration is required for such registration of a judgment. We hold that it is not, because neither § 1963 nor due process imposes such a personal jurisdiction requirement. We therefore reverse the order and judgment of the district court, and remand.

## BACKGROUND

In 2002, Plaintiffs-Appellants Fidelity National Financial, Inc., and Fidelity Express Network, Inc. (collectively, "Fidelity"), obtained a multimillion dollar civil fraud judgment (the "California Judgment") against Defendants-Appellees the Friedmans and Meshkatais (collectively, "Defendants") in the U.S. District Court for the Central District of California. This judgment became final on May 15, 2003, after this Court dismissed Defendants' appeal from the judgment.

While Defendants' appeal in the original case was pending, Fidelity registered the California Judgment in the District of Arizona pursuant to the federal registration statute, 28 U.S.C. § 1963. In 2007, Fidelity attempted to renew the Arizona judgment. However, on March 2, 2012, the District Court of Arizona ruled that Fidelity's 2007 renewal or re-

registration of the Arizona registered judgment were void as untimely, because the judgment had already expired under Arizona's five-year statute of limitations for the enforcement of judgments.

Unable to enforce the Arizona registered judgment or re-register the original California Judgment in Arizona, Fidelity came up with a creative alternative.  Fidelity registered the California Judgment in the Western District of Washington (the "Washington Judgment")  Fidelity then registered the newly-obtained Washington Judgment in the District of Arizona (the "Second Arizona Judgment").

Several months later, Defendants moved the Arizona District Court under Federal Rule of Civil Procedure 60(b) to vacate the newly-registered Second Arizona Judgment as void, arguing that § 1963 did not allow successive registration of federal judgments.  That is, Defendants argued that registering the California Judgment in Washington did not create a new Washington judgment that could then be registered in Arizona under § 1963.  Defendants also argued that, in any case, the Washington Judgment was invalid for lack of personal jurisdiction over Defendants.  The Arizona district court granted Defendants' motion and vacated the Second Arizona Judgment, holding that § 1963 did not allow successive registration of judgments—in other words, that only an original judgment, such as the California Judgment in this case, may be registered in another district under § 1963. *See Fid.  Nat'l Fin., Inc. v. Friedman*, 939 F. Supp. 2d 974, 979–87 (D. Ariz. 2013).  The district court did not reach Defendants' second argument regarding lack of due process and personal jurisdiction. *Id.* at 986–87.

Fidelity appealed, and this Court reversed. *Fid. Nat'l Fin., Inc. v. Friedman*, 803 F.3d 999 (9th Cir. 2015) ("*Fidelity I*"). We held that registering the California Judgment in Washington created a "new" Washington judgment that, like any other Washington judgment, could be re-registered in another state under the plain terms of § 1963. *Id.* at 1003. We remanded the case to the Arizona district court on that basis, without reaching Defendants' alternative argument that the Washington Judgment was void for lack of jurisdiction over Defendants. *See id.* at 1003 n.3.

On remand, the district court again granted Defendants' Rule 60(b) motion for relief from judgment, after allowing supplemental briefing on Defendants' contention that the Washington Judgment was void because the Western District of Washington lacked personal jurisdiction over Defendants at the time of registration. *See Fid. Nat'l Fin. Inc. v. Friedman*, No. CV-15-2288-PHX-DJH, 2017 WL 6049376 (D. Ariz. May 1, 2017). The district court held that registration of a judgment pursuant to § 1963 requires that the court of registration have personal jurisdiction over the judgment debtors. *See id.* at *6–7. In reaching this conclusion, the district court first noted that a judgment is void if the court that "rendered" the judgment lacked jurisdiction over the parties. *Id.* at *5. It then reasoned that because we suggested in *Fidelity I* that registering a judgment under § 1963 creates a "new" judgment, the court of registration can be said to have "rendered" a judgment such that the normal jurisdictional requirements apply. *See id.* at *5–7. Because Defendants had no assets or other contacts in Washington, the district court concluded that the Washington court lacked personal jurisdiction over Defendants; consequently, that the Washington Judgment was void and could not have been validly registered in Arizona. *Id.* at *4,

*7.  As a result, the district court vacated the Second Arizona Judgment.  Fidelity again appealed.

## STANDARD OF REVIEW

This Court "review[s] de novo . . . a district court's ruling upon a Rule 60(b)(4) motion . . . because the question of the validity of a judgment is a legal one." *Export Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995); *see also Fidelity I*, 803 F.3d at 1001.

## DISCUSSION

On appeal, Fidelity asserts that the district court improperly granted relief from judgment because a court need not have personal jurisdiction over a judgment debtor in order to "merely register" a previously obtained judgment pursuant to § 1963.  For the reasons explained below, we agree.

First, neither the relevant statute's plain language nor its purpose supports a personal jurisdiction requirement for registration of a judgment.  Section 1963 provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . .  A judgment so registered shall have the same effect as a

> judgment of the district court of the district
> where registered and may be enforced in like
> manner.

28 U.S.C. § 1963.  Nothing in this provision limits the district
courts in which a judgment may be registered to only those
that can assert personal jurisdiction over the judgment
debtors.  Instead, the provision's text is extremely broad,
allowing a judgment entered in "any . . . district court" to be
registered "in any other district."  *Id.*  Furthermore, the fact
that registering a judgment in another district simply requires
"filing a certified copy of the judgment" suggests that the
registration process is intended to be simple, essentially an
administrative task that does not require any additional
judicial action.  *See id.*

Giving effect to this broad statutory language also accords
with the provision's purpose, which is "to simplify and
facilitate collection on valid judgments." *Fidelity I*, 803 F.3d
at 1003 (citation omitted).  Section 1963 aims to  spare
creditors and debtors "the additional cost and harassment of
further litigation which would otherwise be required by way
of an action on the judgment in a district court other than that
where the judgment was originally obtained."  S. Rep. No.
83-1917 (1954), *as reprinted in* 1954 U.S.C.C.A.N. 3142; *see
also Stanford v. Utley*, 341 F. 2d 265, 270 (8th Cir. 1965)
("[T]he purposes of § 1963 were to simplify and facilitate the
enforcement of federal judgments, . . . to eliminate the
necessity and expense of a second lawsuit, and to avoid the
impediments, such as diversity of citizenship, which new and
distinct federal litigation might otherwise encounter.").
Adhering to the statutory text's expansive license to register

judgments in other districts effectuates those purposes;[1] reading a non-existent jurisdictional requirement into the statute would contravene Congress' intent by placing limits on registration that would make the process more onerous and potentially require additional litigation regarding jurisdiction.[2]   Thus, we hold that § 1963 itself does not

---

[1] Defendants point out that Fidelity's registration of the California Judgment in Washington was not for the purpose of enforcing the judgment in Washington, but rather for the purpose of creating a new judgment that could subsequently be registered in Arizona and thus provide an end-run around Arizona's statute of limitations on the enforcement of judgments.   Defendants' argument that imposing a jurisdictional requirement for registration under § 1963 is appropriate simply because, as applied to the facts of this case, such a requirement would not contravene the statute's underlying purpose of facilitating enforcement in the state of registration and would close a seeming loophole, is unpersuasive.  In *Fidelity I*, this Court rejected Defendants' invitation to "refuse to give effect to Congress' chosen words" simply because doing so "potentially allows plaintiffs to register a judgment that has previously expired under a state's statute of limitations," noting that such an effect is "irrelevant in view of the plain language of § 1963." 803 F.3d at 1003.

[2] For example, a personal jurisdiction requirement could hamper a judgment creditor's ability to register and enforce a judgment when a judgment debtor has no contacts with a state beyond assets that are controlled by a third party in the state.  *Cf. U.S.I. Props. Corp. v. M.D. Const. Co.*, 230 F.3d 489, 497 (1st Cir. 2000).  In fact, the Supreme Court has explicitly recognized that in some cases, the "presence of the defendant's property in a state . . . alone would not support . . . jurisdiction" under the minimum contacts test for personal jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 209 (1977).  Thus, imposing a minimum contacts jurisdictional limit on the registration of judgments, as Defendants suggest is required, risks allowing a judgment debtor to "avoid payment of his obligations by the expedient of removing his assets to a place where he is not subject to an in personam suit." *Id.*  This would be directly at odds with § 1963's purpose of facilitating collection on valid judgments. *See Fidelity I*, 803 F.3d at 1003.

require that a court have personal jurisdiction over a judgment debtor in order to register an existing judgment.

We next turn to the due process basis of the district court's ruling. The district court noted that under this Court's ruling in *Fidelity I*, registering a judgment in another district pursuant to § 1963 creates a "new judgment" that is treated as if it had been rendered in the new district and that "[a] judgment is void 'if the court that rendered the judgment lacked jurisdiction over the parties . . . .'" *Fid. Nat'l Fin. Inc.*, 2017 WL 6049376, at \*5 (quoting *In re Ctr. Wholesale*, 759 F.2d 1440, 1448 (9th Cir. 1985)). This reasoning, however, is flawed because it incorrectly presumes that constitutional due process protections in the form of a personal jurisdiction requirement attach based on the appearance of a judgment, rather than based on the characteristics of the process that results in that judgment. We must therefore ask this crucial constitutional question: does the Due Process Clause require that a court in which a judgment creditor registers a pre-existing federal judgment have personal jurisdiction over judgment debtors at the time of registration? We hold in the negative.

A long line of Supreme Court cases reflects that the personal jurisdiction requirement of due process is grounded in protecting litigants from being unfairly dragged into a faraway court to defend a suit.[3]  *See, e.g.*, *World-Wide*

---

[3] Another function of the personal jurisdiction requirement is preserving the balance of powers between coequal states. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) ("[The minimum contacts test] acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system."). But that issue is not of concern

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980) ("The concept of minimum contacts . . . protects the defendant against the burdens of litigating in a distant or inconvenient forum."). The constitutional standard focuses on "whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that State," i.e., whether the defendant has sufficient "contacts with the forum state such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Kulko v. Superior Court*, 436 U.S. 84, 92 (1978) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)).

A key distinction here, however, is that the process of registering a federal judgment in another federal district pursuant to § 1963 does not involve "maintenance of a suit" or "[conducting a] defense." *See id.* Instead, registration simply requires "filing a certified copy of the judgment."**[4]**

---

here, because we are dealing with judgments issued by federal, not state, courts.

**[4]** In fact, as discussed above, legislative history documents show that § 1963 was specifically intended to avoid additional litigation. The report issued by the Senate Judiciary Committee explains:

> [R]egistration of judgments in other districts is a modern legal device. It assists judgment creditors by making it possible for them to pursue the property of a debtor in satisfaction of a judgment by the ordinary process of levying execution on a judgment in any district where the judgment is registered. The result is that *both creditors and debtors are relieved of the*

*See* 28 U.S.C. § 1963. Defendants make no substantive argument about why, even in the absence of the central concern animating the due-process-based personal jurisdiction requirement, courts must nonetheless have personal jurisdiction to register judgments under 28 U.S.C. § 1963. Constitutional due process requirements depend on the procedures at issue, not semantics—just because a court might be said to "render" a "new" judgment pursuant to registration does not mean that no meaningful distinction exists between, on the one hand, subjecting a person to a lawsuit in which claims are litigated in an ongoing proceeding before a court that may determine or alter substantive rights when it renders a final judgment, and, on the other hand, registering a pre-existing judgment, a process

---

> *additional cost and harassment of further litigation which would otherwise be required* by way of an action on the judgment in a district other than that where the judgment was originally obtained.

S. Rep. No. 1917 (1954) (emphasis added), *as reprinted in* 1954 U.S.C.C.A.N. 3142, 3142; *see also Air Transport Ass'n of Am. v. Prof'l Air Traffic Controllers Org. (PATCO) (In re Prof'l Air Traffic Controllers Org. (PATCO))*, 699 F.2d 539, 544 (D.C. Cir. 1983) ("Registration is a rapid procedure that does not require the intervention of a judge. It is merely a matter of having the clerk of the court in which the judgment is registered enter the pertinent provisions of the . . . sister court's judgment on the judgment docket." (internal quotation marks and alterations omitted)); *Ohio Hoist Mfg. Co. v. LiRocchi*, 490 F.2d 105, 107 (6th Cir. 1974) ("This statute has been held to have been adopted to protect both judgment creditors and judgment debtors from the additional cost and harassment of further litigation which otherwise would be incident to an action on the judgment in a foreign district."); *Stanford*, 341 F. 2d at 270 ("[T]he purposes of § 1963 were . . . to eliminate the necessity and expense of a second lawsuit, and to avoid the impediments, such as diversity of citizenship, which new and distinct federal litigation might otherwise encounter.").

which does not require any party to appear in court and in which no judicial action is taken. *See Shaffer*, 433 U.S. at 210 n.36 (holding that, once a judgment is validly rendered against a debtor, the judgment creditor may sue to satisfy the debt with property in a state that lacks personal jurisdiction over the judgment debtor).

Registration of a judgment pursuant to § 1963 can only occur after a court of competent jurisdiction has rendered the original judgment (otherwise there would be no judgment to register). Of course, the court that adjudicated the parties' claims and issued the original judgment must of course satisfy due process requirements such as ensuring personal jurisdiction. Thus, registration will only happen *after* full due process has been provided during the original adjudication on the merits that determined the parties' substantive rights and obligations. We see no reason why—based on case law, policy, or otherwise—why the simple act of subsequently registering a judgment alters a debtor's substantive rights such that a due process right is triggered.[5] To the contrary, registration itself does not change the amount of money or property owed; it only facilitates collection of a pre-existing judgment.

---

[5] Moreover, the practical reality is that judgment debtors must have some sort of presence or property in the state before judgment creditors can attempt to enforce a judgment, because without a judgment debtor's presence or property in the state, there is nothing against which the judgment can be "enforced." The district court elided this fact, concluding that any potential distinction between registration and enforcement was eliminated by this Court's determination in *Fidelity I* that registration of a judgment has the same effect as creating a new judgment. We see no basis for such a conclusion. Enforcement involves additional steps beyond registration, such as moving to execute on a judgment debtor's assets, and nothing we said in *Fidelity I* changed this.

We therefore hold that once a federal court of competent jurisdiction has determined the parties' substantive rights and entered a judgment following a proceeding that accords with due process, that federal judgment should be enforceable in any other federal district by way of the federal judgment registration statute.

## CONCLUSION

For the foregoing reasons, we hold that valid registration of a federal judgment under § 1963 does not require that the court of registration have personal jurisdiction over the judgment debtors. The statute permits a judgment creditor to register a federal judgment "in *any* other district." 28 U.S.C. § 1963 (emphasis added). Because the Due Process Clause does not require that this broad statutory language be cabined by a jurisdictional limitation, "any . . . district" includes districts in which personal jurisdiction over judgment debtors may be lacking. As a result, the Washington Judgment was not void for lack of jurisdiction, and the district court erred by vacating the Second Arizona Judgment on that basis.

**REVERSED and REMANDED**.