NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIDLAND INNOVATIONS, NV,

        Plaintiff-Appellee,

  v.

WEN WANG,

        Defendant-Appellant,

 and

WEILAND INTERNATIONAL INC.,

        Defendant,

WEIPING CHEN; HONGDI REN,

        Real-party-in-interest.

No. 19-15277

D.C. No. 4:07-mc-80257-CW

MEMORANDUM*

MIDLAND INNOVATIONS, NV,

        Plaintiff-Appellee,

  v.

WEN WANG,

        Defendant-Appellant,

No. 19-17391

D.C. No. 4:07-mc-80257-CW

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

WEILAND INTERNATIONAL INC.,

Defendant.

Appeals from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted August 5, 2020[**]

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

In these consolidated appeals, Wen Wang appeals pro se from the district court's orders denying his post-judgment motions seeking to vacate a judgment in Midland Innovations, NV's ("Midland") patent infringement action filed in the Southern District of New York. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's order denying a motion to vacate a judgment under Federal Rule of Civil Procedure 60(b)(4). *Fid. Nat. Fin., Inc. v. Friedman*, 803 F.3d 999, 1001 (9th Cir. 2015). We review for an abuse of discretion the district court's denial of a Federal Rule of Civil Procedure 62.1 motion, serving as a denial of a Rule 60(b) motion on the merits. *See* Fed. R. Civ. P. 62.1(a)(2); *United States v. Asarco, Inc.*, 430 F.3d 972, 978 (9th Cir. 2005). We affirm.

---

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

The district court properly denied Wang's motion to vacate the default judgment under Rule 60(b)(4) because Wang failed to demonstrate any basis for such relief. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (Rule 60(b)(4) applies only in the "rare instance" where a judgment is premised on a certain type of jurisdictional error or on a deprivation of a party's notice or opportunity to be heard; relief based on a jurisdictional defect is reserved "only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction" (citations omitted)).

To the extent Wang sought relief under Rule 60(d)(3), the district court did not abuse its discretion by denying Wang's motion because Wang failed to establish by clear and convincing evidence that Midland committed a "fraud on the court." *United States v. Estate of Stonehill*, 660 F.3d 415, 443-45 (9th Cir. 2011) (standard of review and Rule 60(d)(3) requirements).

The district court did not abuse its discretion in denying on the merits Wang's motion for an indicative ruling because Wang failed to demonstrate any basis for such relief. *See* Fed. R. Civ. P. 62.1(a)(2); *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (Rule 60(b)(3) requirements); *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987) (Rule 60(b)(2) requirements).

We rejected as unsupported by the record Wang's contentions regarding the

3

district court's consideration of the parties' evidence.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Wang's motions for judicial notice and opposed evidentiary objection are denied.

**AFFIRMED.**