**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JODY F. CHAMBERS, | No. 20-56141 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02906-BAS-BGS |
| v. | |
| JOHN A. KNIGHT, individually, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| COLIN LUCAS-MUDD, individually; AITEKZ PLC, | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted October 12, 2021**

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Jody F. Chambers appeals pro se from the district court's judgment

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing her action alleging state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014). We affirm.

The district court properly dismissed Chambers's action for lack of subject matter jurisdiction because Chambers failed to satisfy her burden of establishing diversity of citizenship. *See* 28 U.S.C. § 1332(a) (requirements for diversity jurisdiction); *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (for diversity of citizenship, "a person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely"; setting forth factors for determining an individual's domicile (alteration in original, citation and internal quotation marks omitted)); *id.* at 750 (because the factors for determining domicile are essentially factual, the district court's determination of domicile is reviewed for clear error); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016) ("The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction.").

The district court properly granted defendant Knight's motion for relief from the default judgment under Federal Rule of Civil Procedure 60(b)(4) on the ground that the default judgment was void for lack of subject matter jurisdiction. *See* Fed.

20-56141

R. Civ. P. 60(c)(1) (Rule 60(b)(4) motion "must be made within a reasonable time"); *Fid. Nat'l Fin., Inc. v. Friedman*, 803 F.3d 999, 1001 (9th Cir. 2015) (standard of review); *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 876 (9th Cir. 2005) (a judgment is void for purposes of Rule 60(b)(4) if the district court lacked subject matter jurisdiction); *see also NewGen*, 840 F.3d at 614 (a defendant may bring a factual attack to subject matter jurisdiction in the context of a Rule 60(b)(4) motion for relief from a default judgment).

We reject as without merit Chambers's contention that Knight's Rule 60(b)(4) motion was a collateral attack on the judgment, barred by res judicata. *See Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir. 1985) (Rule 60(b)(4) attack on a judgment is direct, not collateral, and res judicata therefore does not apply).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

20-56141