STATE OF MAINE
Washington, SS.

SUPERIOR COURT
Docket No. MACSC-CV-2021-008

Jenni L. Farley,                              )
                                              )
                  Plaintiff,                  )
                                              )
        v.                                    )
                                              )        **Decision and Order**
Roger Mathews,                                )
                                              )
                  Defendant.                  )
                                              )
                                              )

## Introduction

This case involves Plaintiff Jenni Farley's registration of a New Jersey judgment in Maine. Farley's ex-husband, Defendant Roger Mathews, opposes Farley's registration of this judgment and has filed motions seeking to vacate and stay the registration.

The judgment at issue is a final judgment of divorce and related post-judgment relief order issued by a court in New Jersey. Neither Mathews nor Farley lives in Maine but, through their respective trusts, they own real estate in Steuben. (Mathews's trust owns the land, Farley's trust owns the house on it.) The property in Steuben is the subject of pending litigation in a separate action. *See Roger Mathews, Trustee, et al., v. Jenni Farley and Roger W. Mathews III*, Case No. RE-2021-07.

On April 30, 2021, Farley filed a copy of the New Jersey judgment with the Clerk of the Superior Court, Washington County, for registration pursuant to 14 M.R.S. § 8001, *et seq*. The Clerk registered the judgment on May 11, 2021, and notified Mathews accordingly.

Mathews thereafter requested a hearing and filed a notice indicating he wished to contest the validity and enforcement of the New Jersey judgment. He further moved to stay the registration pending resolution of the separate civil matter in Case No. RE-2021-07 involving the Steuben property.

On November 17, 2021, the court held a hearing at which Mathews testified. Briefing on issues surrounding the registration and enforcement of the New Jersey judgment followed. In his post-hearing brief, Mathews moves to vacate the Clerk's registration of the New Jersey judgment, arguing that this court lacks personal

1

jurisdiction over him and that venue is improper. Farley opposes Mathews's request to vacate and stay.

The court has considered the parties' briefing and the evidence presented at the November 17 hearing. A decision is now in order.

### Discussion

Farley registered the New Jersey judgment pursuant to the Uniform Enforcement of Foreign Judgments Act. As the Law Court has explained, "[t]he Enforcement Act creates an expedited procedure for enforcing federal and state judgments that are entitled to full faith and credit in Maine." *GENUJO LOK Beteiligungs GmbH v. Zorn*, 2008 ME 50, ¶ 9, 943 A.2d 573; 14 M.R.S. § 8002. "Any such judgment that is properly authenticated and filed with the clerk of the court 'has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of [a court] of this State and may be enforced or satisfied in like manner.'" *Zorn*, 2008 ME 50, ¶ 9, 943 A.2d 573 (quoting 14 M.R.S. § 8003). The Act embraces the principles of the Full Faith and Credit Clause, which '"require[s] the judgments of the courts of one State to be given the same faith and credit in another State as they have by law or usage in the courts of the State rendering them.'" *Hamilton v. Patterson*, 236 S.C. 487, 492 (1960); U.S. Const. art. 4, § 1. Thus, the constitutional requirement for full faith and credit, along with 14 M.R.S. § 8003, counsels in favor of accepting the registration.

Defendant urges the court to vacate the registration on the grounds that the court lacks personal jurisdiction over him. Permitting registration of the New Jersey judgment in Maine, Mathews asserts, would violate due process principles. No action adverse to him is being pursued, however, only the registration of the foreign judgment. Farley has not asked this court to modify or enforce the New Jersey judgment, and the registration itself does not require any party to appear and defend in court. *C.f. Kulko v. Superior Court*, 436 U.S. 84, 92 (1978) (due process standard for personal jurisdiction is '"that a defendant have certain minimum contacts with [the forum State] such that the *maintenance of the suit* does not offend traditional notions of fair play and substantial justice'" (emphasis added) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945)). Accordingly, the due process-based personal jurisdiction requirement has not been implicated by the registration. *See, e.g., Fid. Nat'l Fin. v. Friedman*, 935 F.3d 696, 700-02 (9th Cir. 2019) (holding there is no due process requirement that a court in which a judgment creditor registers a pre-existing federal judgment have personal jurisdiction over judgment debtors at the time of registration).

2

If Farley requests that a Maine court take action based on the divorce judgment, Mathews's challenge to personal jurisdiction will ripen. At that time, this court will have information relevant to the jurisdictional question—such as the nature of the cause of action—that it does not now have. *Estate of Hoch v. Stifel*, 2011 ME 24, ¶ 25, 16 A.3d 137 (explaining that the personal jurisdiction analysis requires inquiry into whether "(1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice").

Mathews's venue argument—founded on 14 M.R.S. § 503 and 4 M.R.S. § 155(3)—fails for similar reasons. These statutory provisions discuss the appropriate venue for commencing certain types of "actions." *See* 14 M.R.S. § 503 ("civil actions founded on judgment rendered by any court of record in the State may be brought in the county where it was rendered or in the county in which either party thereto or his executor or administrator resides at the time of bringing the action"); 4 M.R.S. § 155(3) ("An action or proceeding for divorce, separation, annulment of marriage or for support may be brought in the division where either the plaintiff or the defendant resides"). Farley, however, has yet to commence any action in Maine; she has merely registered the New Jersey judgment with the clerk of court.

### Order

Based on the foregoing, Mr. Mathews's motion to vacate and stay the registration is DENIED.


The Clerk may incorporate this Judgment upon the docket by reference.

Dated: June 27, 2022

The Hon. Bruce C. Mallonee
Justice, Maine Superior Court

3