NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PNC EQUIPMENT FINANCE, LLC,

          Plaintiff-Appellee,

   v.

HARRY CARR,

          Defendant-Appellant.

No.   22-15601

D.C. No. 5:19-mc-80013-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted March 8, 2023[**]
San Francisco, California

Before:  FRIEDLAND and R. NELSON, Circuit Judges, and CARDONE,[***]
District Judge.

Harry Carr appeals the district court's order assigning Carr's right to

payments from his stock in Vcinity Holdings, Inc. to PNC Equipment Finance,

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

LLC ("PNC"). We have jurisdiction under 28 U.S.C. § 1291. *See Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). We vacate the district court's decision and remand for further proceedings consistent with this disposition.

1.      Carr first argues that the district court lacked subject matter jurisdiction over these enforcement proceedings, which were initiated when PNC registered a judgment from another United States district court under 28 U.S.C. § 1963. The district court had ancillary subject matter jurisdiction because the United States District Court for the Southern District of Ohio, which entered the underlying judgment, had subject matter jurisdiction. *See Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1123 (9th Cir. 2010).

2.      Carr next argues that the district court lacked personal jurisdiction over him. The district court did not need personal jurisdiction over Carr because the United States District Court for the Southern District of Ohio properly exercised personal jurisdiction over him. *See Fid. Nat'l Fin., Inc. v. Friedman*, 935 F.3d 696, 702 (9th Cir. 2019).

3.      Finally, Carr argues that PNC could not obtain assignment of his right to stock payments because he and his wife hold the stock as tenants by the entirety under New Jersey law, and the Ohio judgment was against him alone. The district court did not consider the merits of Carr's tenancy-by-the-entirety defense,

2

reasoning that PNC sought only assignment of the right to stock payments, rather than the stock itself.

But the district court did not reference any authority for the proposition that New Jersey law recognizes a distinction between property and the right to payments from property. And the plain language of New Jersey's tenancy-by-the-entirety statute suggests no such distinction, providing that "[n]either spouse may sever, alienate, or otherwise affect their interest . . . without the written consent of both spouses." N.J. Stat. Ann. § 46:3-17.4; *see also In re Weiss*, 638 B.R. 543, 551 (Bankr. D.N.J. 2022) (finding that under the statute neither spouse "can do anything to affect their joint interest in the [p]roperty without both agreeing in writing"). Indeed, interpreting New Jersey law, at least one court has barred creditors from reaching not only a debtor's shared interest in tenancy-by-the-entirety property but also the sales proceeds from that property. *See In re Montemoino*, 491 B.R. 580, 590 (Bankr. M.D. Fla. 2012). Making an *Erie* guess, New Jersey law would not support excluding the right to stock payments from tenancy-by-the-entirety protection, contrary to the district court's conclusion. *See Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001).

As an alternative basis for not considering Carr's defense, the Magistrate Judge determined the assignment order was a "placeholder" that would not "preclude later challenges to whether [] rights were assignable in the first place."

3

An obligor can challenge an assignment order after it is issued. *See Greenbaum v. Islamic Republic of Iran*, 782 F. Supp. 2d 893, 896–97 (C.D. Cal. 2008); Cal. Civ. Proc. Code § 708.540. But a debtor, unlike an obligor, must bring a "claim of exemption," and a court must rule on any such claim, before an assignment order is issued. *See* Cal. Civ. Proc. Code § 708.550(a), (c). The district court thus erred by not considering Carr's claim of exemption under New Jersey law and must do so on remand.

Adjudicating Carr's claim of exemption initially entails a choice-of-law analysis. *See* Cal. Civ. Proc. Code § 708.510(a) (allowing assignment orders "[e]xcept as otherwise provided by law"); *In re Miller*, 853 F.3d 508, 515 (9th Cir. 2017) ("'[E]xcept as otherwise provided by law' . . . refers . . . to the laws of other states that may apply as a result of the application of California's choice-of-law rules."). The analysis may also entail deciding whether Carr's wife provided written consent for Carr to unilaterally assign their right to stock payments when she signed an addendum to Carr's stock agreement, and whether Carr fraudulently transferred the stock when he arranged for it to be held as a tenancy by the entirety. *See* N.J. Stat. Ann. § 46:3-17:4; *Gilchinsky v. Nat'l Westminster Bank N.J.*, 732 A.2d 482, 488–89 (N.J. 1999); *Jimenez v. Jimenez*, 185 A.3d 954, 958 (N.J. Super. Ct. App. Div. 2018). Because these issues are not fully briefed and their resolution is not clear, they are more appropriate for the district court's consideration in the

4

first instance on remand. *See Ala. Legis. Black Caucus v. Alabama*, 575 U.S. 254, 268 (2015); *In re J.T. Thorpe, Inc.*, 870 F.3d 1121, 1124–25 (9th Cir. 2017).

**VACATED and REMANDED**.