**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| SDVF, LLC, Judgment Creditor, | No. 24-2141 |
| *Plaintiff - Appellant,* | D.C. No. 2:23-cv-08582-PSG-BFM |
| and | |
| META ADVISORS LLC, | |
| *Plaintiff,* | |
| v. | OPINION |
| COZZIA USA LLC, Judgment Debtor, | |
| *Defendant - Appellee.* | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted February 4, 2025
Pasadena, California

Filed March 26, 2025

Before: Eric D. Miller, Kenneth K. Lee, and Roopali H.
Desai, Circuit Judges.

Opinion by Judge Lee

## SUMMARY[*]

### Registered Judgments

The panel affirmed the district court's dismissal of an action seeking enforcement pursuant to 28 U.S.C. § 1963 of a default judgment entered by the U.S. Bankruptcy Court for the District of Delaware and registered in the U.S. District Court for the Central District of California.

SDVF, LLC, registered the default judgment against Cozzia USA LLC, in the district court in order to enforce and collect the judgment in the Central District of California, but the bankruptcy court later vacated the default judgment. The panel held that the registered judgment was not valid after the underlying judgment had been set aside. Accordingly, the district court correctly dismissed the case.

## COUNSEL

Craig R. Smith (argued), Smith Law Firm, Woodland Hills, California, for Plaintiff-Appellant.

Curtis C. Jung (argued), Jung & Yuen LLP, Pasadena, California, for Defendant-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

LEE, Circuit Judge:

This case rises from the ashes of Brookstone, the once-ubiquitous retailer of gadgets, knick-knacks, and other items that people thought they never needed (yet nevertheless bought). Its bankruptcy spawned litigation in the U.S. Bankruptcy Court for the District of Delaware and led to a default judgment against Cozzia USA LLC, one of Brookstone's suppliers. Under 28 U.S.C. § 1963, a party can "register" a judgment in another district court to enforce and collect the judgment there. Appellant SDVF, LLC registered that default judgment against Cozzia in the Central District of California, but the Delaware Bankruptcy Court later vacated the judgment. The question on appeal is whether the registered judgment is valid if the underlying judgment was set aside. We hold that it is not.

**BACKGROUND**

Because this case's procedural history is complicated, we will only outline the key facts necessary to resolve this appeal.

In August 2018, Brookstone Holdings Corp. filed for Chapter 11 bankruptcy protection in the Delaware Bankruptcy Court. The company's reorganization plan named META Advisors LLC as a liquidating trustee, who was charged with liquidating and distributing the company's assets to creditors. The liquidating trustee could also sue to recover assets. META filed an adversary action against Cozzia—a company that provided merchandise sold at Brookstone—in Delaware Bankruptcy Court. META sought to avoid and recover certain payments from

Brookstone that allegedly were preferential, fraudulent, or post-petition under the Bankruptcy Code.

In February 2021, the Delaware Bankruptcy Court entered default judgment against Cozzia for over $300,000. No. 19-51189-BLS (Bankr. D. Del.), at ECF 10. Then in December 2021, META assigned its title and rights in this default judgment to SDVF, LLC, which became the new judgment creditor of the $300,000-plus default judgment. SDVF then filed a notice of META's assignment of the judgment in the Central District of California. Nearly two years later, in September 2023, SDVF "registered" the judgment in the U.S. District Court for the Central District of California pursuant to 28 U.S.C. § 1963. The statutory provision allows a party to "register" a final judgment in a different district to enforce and collect on the judgment. *See In re Brookstone Holdings Corp.*, No. CV-23-08582-PSG, 2024 WL 1559319, at *1 (C.D. Cal. Mar. 27, 2024). Curiously though, SDVF never notified the Delaware Bankruptcy Court of this assignment.

Meanwhile, Cozzia moved to vacate the default judgment in Delaware. SDVF was aware of the motion to vacate. But because SDVF never filed a notice of the assignment in Delaware, META, not SDVF, appeared to oppose the motion. In November 2023, the Delaware Bankruptcy Court granted Cozzia's motion to vacate the default judgment. As a result, the district court dismissed SDVF's action to enforce the Delaware judgment, holding that "because there is no existing judgment to enforce, the Court must dismiss the case . . . ." *In re Brookstone*, 2024 WL 1559319, at *3.

SDVF challenges this dismissal and argues that registration of the Delaware judgment under 28 U.S.C.

§ 1963 created a separate and "independent" judgment that was enforceable even after the original judgment was vacated. For that reason, SDVF argues it was denied due process when the district court refused to enforce the registered judgment or consider its argument that the Delaware Bankruptcy Court erred by vacating the default judgment. *See id.* at *4.

## DISCUSSION

We review de novo questions of statutory interpretation, including whether registration under 28 U.S.C. § 1963 creates a new and independent judgment. *See Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1151 (9th Cir. 2019).

We begin, as always, with the text. Section 1963 states that a "judgment in an action for the recovery of money or property entered in [federal court] . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal . . . [and a] judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963.

The statutory language refers to an existing final judgment in another district and states that the judgment can be registered in a new district. The registered judgment thus relies on the existence of the original final judgment. Nothing in the statutory language suggests that the registered judgment is an "independent" judgment that has force apart from the existing judgment. Section 1963's title—"Registration of judgments for enforcement in other districts"—further suggests that this provision merely sets a procedure to enforce an existing final judgment in another

district.  So does section 1963's instruction that a registering court "enforce[]" a registered judgment "in like manner" as a judgment of its own; after a court vacates its own judgment, the court can no longer enforce it.  Put another way, the statutory provision "simplif[ies] and facilitate[s] collection on valid judgments."  *Fid. Nat'l Fin., Inc. v. Friedman* ("*Fidelity I*"), 803 F.3d 999, 1003 (9th Cir. 2015) (citation omitted).  A registered judgment cannot exist apart from the underlying judgment.  So if the underlying judgment is vacated, the registered judgment cannot be enforced.

SDVF latches onto language in some of our cases describing registration as "the functional equivalent of obtaining a new judgment of the [registering] court." *In re Estate of Ferdinand E. Marcos Hum. Rts. Litig.*, 536 F.3d 980, 989 (9th Cir. 2008).  But this language must be read in the factual context of those cases—and it was referring to collection and enforcement, not the creation of a separate or independent judgment.  For example, in *Marx v. Go Publishing Company, Inc.*, the "new judgment" language was referring to a "new judgment for statute of limitations purposes," not a substantively new judgment.  721 F.2d 1272, 1273 (9th Cir. 1983).

We clarified in *Fidelity National Financial, Inc. v. Friedman* ("*Fidelity II*") that "registration [] does not change the amount of money or property owed; it only facilitates collection of a *pre-existing* judgment" in the context of determining personal jurisdiction.  935 F.3d 696, 702 (9th Cir. 2019) (emphasis added).  We reasoned there that the rights and obligations of the registered judgment stem wholly from the original, underlying judgment.  *Id.*  By extension, once the pre-existing judgment is vacated, those rights disappear.  We thus hold that if an original, underlying

judgment is set aside, it can no longer support the enforcement of a registered judgment under 28 U.S.C. § 1963.

Neither Rule 60 of the Federal Rules of Civil Procedure nor the court's inherent equitable power allows SDVF to challenge the Delaware Bankruptcy Court's ruling in the Central District of California. Rule 60 grants federal courts authority to "relieve a party or its legal representative" only "from a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added); *see also F.D.I.C. v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996). But SDVF does not challenge a final judgment. Instead, it seeks relief from the Delaware Bankruptcy Court's order *vacating* the judgment that SDVF wants to reinstate. Similarly, a court's inherent equitable power to set aside a decision requires "a *judgment* which ought not, in equity and good conscience, to be enforced." *United States v. Beggerly*, 524 U.S. 38, 41 (1998) (emphasis added) (quoting *Beggerly v. United States*, 114 F.3d 484, 487 (5th Cir. 1997)). But an order vacating a judgment is not such a judgment. Thus, the district court correctly dismissed this case.[1]

**AFFIRMED.**

---

[1] Because this issue is dispositive, the panel does not address SDVF's argument that it was denied due process when the district court refused to entertain its collateral attack on the Delaware Bankruptcy Court's order vacating the default judgment.