Dissent by Judge KORMAN OPINION OWENS, Circuit Judge: Michael Mandelbrot appeals from the district court’s affirmance of an order that enforces a stipulated agreement between Mandelbrot and the J.T. Thorpe Settlement Trust. We have jurisdiction under 28 U.S.C. §§ 158 and 1334, and we vacate the district court’s order and remand the case for further proceedings. I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY Mandelbrot, an attorney, has represented asbestos claimants for many years. On behalf of his clients, he frequently submits claims to “asbestos trusts,” which are created through the Chapter 11 bankruptcy reorganization of entities exposed to significant asbestos liability. See generally Lloyd Dixon et al., Rand Corp., Asbestos Bankruptcy Trusts (2010), archived at https:// perma.cc/9AR8-289L. Subject to many requirements not relevant here, the Bankruptcy Code allows a Chapter 11 debtor to transfer its asbestos liabilities to a trust that it creates and funds (pursuant to state trust law) to pay asbestos claims. See 11 U.S.C. § 524(g)(2)(B)(i). The bankruptcy court retains jurisdiction to supervise the trust. Trusts often compensate claimants through a streamlined procedure less clunky than traditional litigation. This system diverts fewer resources away from compensating claimants, which is generally a good thing. But because these nonadver-sarial procedures present the opportunity for untested chicanery, the trusts can take steps to debar a lawyer suspected of submitting bogus compensation claims. Starting in 2011, the J.T. Thorpe, Thorpe Insulation, and Western Trusts (“Trusts”) began investigating whether Mandelbrot had submitted bogus claims. To make a long story short, by May 2013, the Trusts had concluded that Mandelbrot was “unreliable,” and that he had engaged in a pattern of submitting unreliable evidence. The Trusts eventually moved to debar Mandelbrot, and a January 2014 trial ensued. After two days of trial testimony, the parties agreed to settle the case. Mandelbrot stipulated that the Trusts acted reasonably in (1) seeking to debar him, and (2) finding a pattern of him presenting unreliable evidence. He agreed to be permanently barred from submitting claims to the Trusts. In exchange, the Trusts agreed to (1) not seek damages from Mandelbrot, and (2) dismiss with prejudice their claims for equitable relief. Just a few days later, Mandelbrot repudiated the settlement, and argued that California Business and Professions Code section 16600 and California Rule of Professional Conduct 1-500 rendered it illegal.[1] Without addressing section 16600 or Rule 1-500, the bankruptcy judge granted the Trusts’ motion to enforce the settlement, and barred Mandelbrot from filing claims with the Trusts. The district court affirmed that decision. It concluded that California law controls this issue, and that neither section 16600 nor Rule 1-500 prohibits the settlement agreement. In its written opinion, the district court did not discuss Golden v. California Emergency Physicians Medical Group, 782 F.3d 1083 (9th Cir. 2015), which our court had decided ,a few months prior. The district court also did not analyze whether federal law controlled the case, as neither party had clearly argued its application. II. DISCUSSION A. Standard of Review ■ We review de novo a district court’s judgment on appeal from the bankruptcy court. Liquidating Tr. Comm. of the Del Biaggio Liquidating Tr. v. Freeman (In re Del Biaggio), 834 F.3d 1003, 1007 (9th Cir. 2016). We review for an abuse of discretion the enforcement of a settlement agreement. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); see also Golden, 782 F.3d at 1089. B. Golden and Choice of Law In Golden, our court held that “[assessing the validity of a settlement agreement ... is a question of state contract law.” 782 F.3d at 1087. Before the district court in the instant case, the parties disagreed whether Nevada or California law controlled the outcome of the case. If that were the choice before us, then the district court was undoubtedly correct to apply California law. However, the Trusts vaguely suggest in the last two pages of their brief to our court (with little analysis or reasoning) that federal “public policy” prohibits the application of California law. That is usually not enough to preserve an argument. “[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant’s opening brief.” Int’l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir. 1985); see also Kopczynski v. The Jacqueline, 742 F.2d 555, 560 (9th Cir. 1984) (claims of error on appeal “must be specific”). The district court never addressed whether federal law governs this case, and it is unclear whether the district court was even aware that the Trusts contended that federal law controlled its decision. This possible oversight is hardly the trial judge’s fault, as the briefs filed in the district court also failed to squarely argue that federal law controls. Fundamental questions of law should appear at the beginning of a brief, not thrown in at the end, and should be clearly made. See, e.g., Arredondo v. Ortiz, 365 F.3d 778, 781-82 (9th Cir. 2004) (holding that applicability of Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), should have been “the first issue”- raised on appeal). Here, the district court easily could have concluded that the Trusts never made a federal choice-of-law argument. See Gilchrist v. Jim Slemons Imps., Inc., 803 F.2d 1488, 1497 (9th Cir. 1986) (choice-of-law question is usually “waived unless it is timely raised”). The district court also did not apply Golden to the settlement at issue (the bankruptcy court issued its order before our court decided Golden). In Golden, our court examined whether section 16600 prohibited a settlement agreement that constrained a physician’s freedom to practice medicine. 782 F.3d at 1086. After thoroughly reviewing the statutory language and relevant case law, the majority concluded that “[i]n determining a contract’s validity under section 16600 ... the court should direct its inquiry according to the actual statutory language: whether the challenged provision ‘restrains anyone from engaging in a lawful profession, trade, or business of any kind.’” Id. at 1092 (internal citation and alteration omitted). The majority in Golden interpreted California law to require a broad reading of section 16600. Id. at 1090-92. Because the district court in the Golden case did not have the benefit of the majority opinion, our court remanded the case with its “relatively undeveloped record” so the district court could order additional briefing or conduct further fact-finding. Id. at 1093. We believe the same approach is appropriate here. It may be, as the dissent suggests, that Golden has no application here because (1) federal law governs, or (2) the facts in this case differ materially from those in Golden. But neither party adequately argued to the district court that federal law governs (and have hardly argued it to this court), and the district court never addressed the impact of Golden. Consistent with Golden, these calls are best for the district court to make in the first instance. Accordingly, we vacate and remand this case so that the district court can decide whether federal or state law governs (including whether the federal law argument has been waived), and what impact, if any, Golden has on this case. VACATED and REMANDED. . California Business and Professions Code section 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession ... is to that extent void.” California Rule of Professional Conduct 1-500(A) prohibits a California lawyer from being "a party to ... an agreement, whether in connection with the settlement of a lawsuit or otherwise, if the agreement restricts the right of a member to practice law[.]”