NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHERYL NOLTE BARNES, Qui Tam Relator; ex rel. United States of America, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CLARK COUNTY, a Political Subdivision of the State of Nevada; et al., <br><br> Defendants-Appellees. | No.  18-15201 <br>         19-15720 <br><br> D.C. No. <br> 2:15-cv-01621-JCM-VCF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 25, 2020**
Las Vegas, Nevada

Before:  W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

**1.**  Cheryl Nolte Barnes appeals from the district court's order dismissing her

claims against Clark County under the False Claims Act (FCA).  We affirm.

Barnes has not plausibly alleged that the County made materially false

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

statements to the Federal Aviation Administration (FAA) when requesting federal funds. *See United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1172 (9th Cir. 2006). In her complaint, Barnes identifies twenty-seven grant applications—and an unspecified number of Passenger Facility Charge applications—in which the County allegedly made false certifications of compliance with three provisions. But Barnes has not alleged that the County's certification of compliance with these provisions was "a *sine qua non* of receipt of [federal] funding." *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1267 (9th Cir. 1996). Her complaint indicates only that the FAA conditioned its payments on the County's compliance with a long list of statutes, regulations, and policies, including the three provisions at issue. That fact, standing alone, is insufficient to establish materiality. *See Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2003–04 (2016). Because Barnes has not plausibly alleged that the FAA placed significant weight on the County's certification of compliance with these *particular* provisions, she has failed to state a claim under the FCA.

Moreover, Barnes cannot plausibly allege that the County made materially false statements in its applications for federal funding. In each application, the County certified its compliance with the relevant provisions only "as they relate[d] to" the specific application. For instance, when the County applied for funding to

rehabilitate a runway, it certified that it had complied with the provisions as they pertained to that project, not that it had complied with the provisions in every prior application for federal funding. Thus, even assuming that the County did not comply with the three provisions at issue when it allegedly failed to acquire title to the airspace affected by Ordinance 1599, its past noncompliance could not have been material to the FAA's decision to approve the County's subsequent applications—none of which appears to involve projects implicating Ordinance 1599. For that reason, Barnes cannot satisfy the FCA's materiality requirement, and we have no need to address whether the district court properly dismissed her complaint for failing to plausibly allege the County's knowledge. *See United States ex rel. Solis v. Millennium Pharms., Inc.*, 885 F.3d 623, 628 (9th Cir. 2018) (explaining that appellate courts may affirm on any basis supported by the record).

**2.** Barnes also appeals from the district court's order awarding attorney's fees to the County. We vacate the district court's fee award and remand for further proceedings.

The district court primarily based its award of attorney's fees on its determination that Barnes had frivolously pursued time-barred claims. However, the standard the district court used to assess the timeliness of Barnes' claims is no longer good law. *See Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507, 1514 (2019) (abrogating *United States ex rel. Hyatt v. Northrop Corp.*,

91 F.3d 1211 (9th Cir. 1996)).  Accordingly, we cannot uphold the district court's award of attorney's fees on this ground.

Nor can we uphold the fee award on the other ground that the district court provided in its order—namely, that Barnes' allegations regarding the County's knowledge were "wholly without merit."  In concluding that the County could not have knowingly made false statements to the FAA, the district court appears to have considered just three of the twenty-seven grant applications listed in Barnes' complaint, without addressing her remaining claims.[1]  We therefore remand for the district court to reconsider whether attorney's fees are warranted for reasons other than the statute of limitations.  The district court should "make detailed findings in support of any award" on remand.  *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006 (9th Cir. 2002).

**AFFIRMED in part, VACATED in part, and REMANDED.**  The parties shall bear their own costs on appeal.

---

[1] The district court found that the County could not have knowingly made false certifications because the alleged misstatements occurred before the Nevada Supreme Court's ruling in *McCarran Int'l Airport v. Sisolak*, 137 P.3d 1110 (Nev. 2006) (en banc).  Given that the County submitted twenty-four grant applications after *Sisolak* was issued, we cannot determine whether the district court considered these applications when awarding attorney's fees.