NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BANK OF NEW YORK MELLON, a New York banking corporation,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>SCOTT ERIK STAFNE, an individual; MAYUMI OHATA STAFNE, in her capacity as the personal representative of the estate of Todd Stafne,<br><br>        Defendants-Appellants. | No.   16-36032<br><br>D.C. No. 2:16-cv-00077-TSZ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted September 3, 2020**
Seattle, Washington

Before: McKEOWN and VANDYKE, Circuit Judges, and CALDWELL,***
District Judge.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*   The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Scott Stafne and the Estate of Todd Stafne appeal the district court's grant of summary judgment to the Bank of New York Mellon ("BNYM") in a judicial foreclosure action. The parties are familiar with the facts and we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo the district court's determination of subject matter jurisdiction. *U.S. ex rel. Solis v. Millennium Pharm., Inc.*, 885 F.3d 623, 625 (9th Cir. 2018). The district court had jurisdiction to hear the case. Stafne challenges BNYM counsel's ability to bring the case, but far from having "no relationship at all" to their clients, *Kowalski v. Tesmer*, 543 U.S. 125, 131 (2004), the district court found any suggestion that BNYM's attorneys did not actually represent BNYM to be so lacking in merit as to be frivolous. The same description applies to Stafne's argument that a missing definite article in "Bank of New York Mellon" renders the litigant fictitious, depriving the court of jurisdiction. His argument that the senior district judge who heard his case was a "retired judge" merely "acting as an Article III judge in this case," is without merit. Senior judges "are, of course, life-tenured Article III judges." *Nguyen v. United States*, 539 U.S. 69, 72 (2003).

Stafne has waived his argument as to party substitution by failing to raise it in his opening brief, *see In Re J.T. Thorpe, Inc.*, 870 F.3d 1121, 1124 (9th Cir. 2017), and did not preserve his argument regarding the timing of the sale of his loan to BNYM by failing to raise it in opposition to summary judgment, *Shakur v.*

2

*Schriro*, 514 F.3d 878, 892 (9th Cir. 2008).

We review de novo the district court's grant of summary judgment. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). The quitclaim deed to Todd Stafne, executed after the deed of trust, could not stave off foreclosure, as it was subject to BNYM's lien on the property. A quitclaim deed conveys "only the grantor's interest, subject to valid title claims and encumbrances." *United States v. Spahi*, 177 F.3d 748, 751–52 (9th Cir. 1999) (citing *Thorstad v. Fed. Way Water & Sewer Dist.*, 870 P.2d 1046, 1048 (Wash. Ct. App. 1994)). The district court therefore properly granted summary judgment to BNYM, and in doing so rightly dismissed Appellants' counterclaims. The Estate of Todd Stafne's reliance on a separate state court case relating to the property's boundaries, notwithstanding its issuance after the district court's judgment in this case, is unavailing, and Appellants' other arguments are without merit.

**AFFIRMED.**[1]

---

[1] Appellant's Motion to Take Judicial Notice of Findings of Fact and Stipulated Conclusions of Law (Dkt. 64) and Appellant's Motion for Miscellaneous Relief (Dkt. 93) are denied.