NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK SOLIS, United States of America ex rel., <br><br>             Plaintiff-Appellant, <br><br>  v. <br><br> MILLENNIUM PHARMACEUTICALS, INC.; et al., <br><br>             Defendants-Appellees, <br><br> and <br><br> UNITED STATES OF AMERICA, ex rel., <br><br>             Real-party-in-interest. | No.    20-15682 <br><br> D.C. No. <br> 2:09-cv-03010-MCE-EFB <br><br><br> MEMORANDUM* |
| FRANK SOLIS, United States of America ex rel., <br><br>             Plaintiff-Appellee, <br><br>  v. <br><br> MILLENNIUM PHARMACEUTICALS, INC., <br><br>             Defendant-Appellant, | No.    20-15863 <br><br> D.C. No. <br> 2:09-cv-03010-MCE-EFB |

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

SCHERING-PLOUGH CORPORATION;
MERCK & CO., INC.,

Defendants.

FRANK SOLIS, United States of America ex rel.,

Plaintiff-Appellee,

v.

SCHERING-PLOUGH CORPORATION;
MERCK & CO., INC.,

Defendants-Appellants,

and

MILLENNIUM PHARMACEUTICALS, INC.,

Defendant.

No.    20-15864

D.C. No.
2:09-cv-03010-MCE-EFB

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted June 17, 2021
San Francisco, California

Before:  THOMAS, Chief Judge, and BRESS and BUMATAY, Circuit Judges.

Plaintiff-relator Frank Solis appeals from the district court's dismissal of his

qui tam action against Millennium Pharmaceuticals, Inc., Schering-Plough Corp., and Merck & Co. (collectively, "Defendants") alleging violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729, et seq. The district court granted Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) on the ground that Solis's claims were barred by the FCA's jurisdictional public-disclosure bar. We "review de novo a district court's dismissal for lack of subject matter jurisdiction and its interpretation of the False Claims Act." *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 568 (9th Cir. 2016). We accept the plaintiff's allegations as true and assess whether they "are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). And "[w]here the district court relied on findings of fact to draw its conclusions about subject-matter jurisdiction, we review factual findings for clear error." *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1126–27 (9th Cir. 2015) (en banc). We have jurisdiction over the district court's final judgment under 28 U.S.C. § 1291 and we affirm.

The 2006 version[1] of the FCA's public-disclosure bar deprives courts of

---

[1] The district court determined that the 2006 version of the FCA was in effect when Solis initially filed suit and Solis has not challenged this ruling. *United States ex rel. Solis v. Millennium Pharm., Inc.* (*Solis I*), 885 F.3d 623, 626 n.1 (9th Cir. 2018).

jurisdiction over actions based on allegations or transactions previously disclosed in certain public fora, "unless the action is brought by the Attorney General or the person bringing the action is an *original source* of the information." 31 U.S.C. § 3730(e)(4)(A) (2006) (emphasis added). An original source is an individual who has (1) "direct and independent knowledge of the information on which the allegations are based" and (2) "voluntarily provided the information to the Government before filing an action under [the FCA]." *Id.* at § 3730(e)(4)(B) (2006); *Hartpence*, 792 F.3d at 1128. We have already determined that a public disclosure occurred regarding Solis's allegations, *Solis I*, 885 F.3d at 627, and it is undisputed that Solis satisfies the second prong of the original source test. So, our analysis focuses on whether Solis had "direct and independent knowledge" of the information underlying his FCA claim. *Hartpence*, 792 F.3d at 1128.

To demonstrate that his knowledge is "direct," a relator "must show that he had firsthand knowledge of the alleged fraud, and that he obtained this knowledge through his 'own labor unmediated by anything else.'" *United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1020 (9th Cir. 1999) (quoting *United States ex rel. Aflatooni v. Kitsap Physicians Servs.*, 163 F.3d 516, 525 (9th Cir. 1999)). The relator must have "'true knowledge,' as opposed to guesswork or suspicion." *Prather v. AT&T, Inc.*, 847 F.3d 1097, 1104 (9th Cir. 2017) (quoting *Aflatooni*, 163 F.3d at 525–26) (finding no jurisdiction when the relator's claim of fraud was based on "his

4

inference" that information amounted to evidence of FCA violations); *Malhotra v. Steinberg*, 770 F.3d 853, 860 (9th Cir. 2014) (holding that "generalized suspicion" did not constitute "knowledge" of a kickback scheme).

The district court correctly concluded that Solis failed sufficiently to allege that he had direct and independent knowledge of Defendants' alleged fraud. Solis's allegations that improper claims must have been submitted to the government due to Defendants' alleged off-label promotion of Integrilin or alleged payment of kickbacks to physicians are purely speculative. Solis's inability to identify any instances of false claims for reimbursement makes his allegations inadequate to show direct knowledge. *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("It is not enough . . . to describe a [fraudulent] scheme in detail but then to allege simply and without any stated reason . . . that claims requesting illegal payments must have been submitted.") (simplified). Accordingly, Solis is not an "original source" under the FCA and the district court lacked subject-matter jurisdiction over his claims. *See* 31 U.S.C. § 3730(e)(4)(A) (2006).

Because the district court lacked jurisdiction over Solis's FCA claims, we do not reach Defendants' cross-appeal.

**AFFIRMED.**