**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD MARK, Relator; ex rel United States of America,

              Plaintiff-Appellant,

 and

UNITED STATES OF AMERICA; et al.,

              Plaintiffs,

 v.

SHAMIR USA, INC.; et al.,

              Defendants-Appellees.

No. 20-56280

D.C. No.
2:18-cv-09426-RGK-PLA

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted January 13, 2022
Pasadena, California

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON and WATFORD, Circuit Judges, and RAKOFF,** District Judge.

Appellant Richard Mark, as *qui tam* Relator and on behalf of the United States Government and various states and municipalities, brought an action under the False Claims Act (FCA), the Anti-Kickback Statute (AKS), and related state laws[1] against Shamir USA, Inc., Shamir Optical Industry, Ltd., Shamir Optica Holdings A.C.S. Ltd., and Shamir Insight, Inc. (collectively "Shamir").

Shamir develops, manufactures, and markets progressive lenses. Mark, Shamir's former Key Account Manager for North America, alleged that Shamir, through its reward programs, violated the FCA and AKS "by submitting [and causing others to submit] fraudulent bills to the Government . . . as a result of kickbacks provided to eyecare professionals (ECPs)." Specifically, Mark alleged that "Shamir knew that [Government] insurance plans . . . reimbursed optical lenses based on the purported invoice price." With this knowledge, Shamir induced ECPs to purchase Shamir's products by offering discounts and rebates to ECPs to lower the prices of Shamir's products, and subsequently providing ECPs with invoices containing

---

** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[1] Because the state law claims are not at issue in this appeal, we focus on the Government's payments.

2

inflated prices. This scheme resulted in the Government, rather than Shamir, paying for the ECP discounts.

The district court held that Mark's allegations were barred by the FCA's public disclosure bar because the allegations were substantially similar to promotional articles Shamir publicly disclosed through optical industry publications. Concluding that Mark did not qualify as an "original source," the court granted Shamir's motion to dismiss and denied leave to amend. Mark timely appealed.

We review dismissal of claims under the FCA *de novo*. *See United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1170 (9th Cir. 2006). We assume the facts as alleged are true, and examine only whether relator's allegations support a cause of action under the theories presented. *See id*. Whether a particular disclosure triggers the public disclosure bar is a mixed question of law and fact that we review *de novo*. *See United States ex rel. Found. Aiding The Elderly v. Horizon W., Inc.*, 265 F.3d 1011, 1013 (9th Cir. 2001) (citation omitted), *amended on denial of reh'g*, 275 F.3d 1189 (9th Cir. 2001).

The AKS prohibits the knowing and willful solicitation, receipt, offer or payment of any remuneration in return for referral to a health care provider; or arranging the use of any health service, facility, or item. *See* 42 U.S.C. § 1320a-7b(b); *see also Hanlester Network v. Shalala*, 51 F.3d 1390, 1394 (9th Cir. 1995). The

3

payment of illegal kickbacks is a violation of the FCA. *See* 42 U.S.C.§ 1320a-7b(g) (referencing the False Claims Act).

The FCA permits relators to bring an action on behalf of the government "against companies that knowingly present, or cause to be presented a false or fraudulent claim for payment or approval to the federal government." *United States ex rel. Solis v. Millennium Pharms., Inc.*, 885 F.3d 623, 625–26 (9th Cir. 2018) (citations, alterations, footnote reference, and internal quotation marks omitted). "The statute, however, deprives federal courts of subject matter jurisdiction over FCA suits when the alleged fraud has already been publicly disclosed, unless the relator is deemed an original source." *Id.* at 626 (citation omitted). The public disclosure bar is triggered if the disclosure was "public[ly]" disseminated through news media and "the relator's action is based upon the allegations or transactions publicly disclosed." *Id.* (citation and internal quotation marks omitted).

As examples of Shamir's public disclosure, the district court referenced one announcement that stated: "Vision West members are able to offer their patients the latest in progressive lens technology, and they automatically receive rewards back, making it a win-win for everyone," and another announcement "describing [a] program whereby customers who use a Shamir affiliated laboratory would receive personalized YouTube channels designed in part to promote Shamir lenses."

From these announcements, the district court concluded that "[t]he only available conclusion from the publicly disclosed facts is that rebates through the [rewards] program were not deducted from any insurance reimbursement." We disagree. We have explained the dangers of allowing a generalized description of a program that could give rise to fraud in public documents to prevent the pursuit of legitimate fraud:

> Allowing a public document describing "problems"—or even some generalized fraud . . . to bar all FCA suits identifying specific instances of fraud . . . would deprive the Government of information that could lead to recovery of misspent Government funds and prevention of further fraud.

*United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 577 (9th Cir. 2016). Even assuming that the websites on which the announcements were made constitute news media, the information disseminated was so innocuous that there was no public disclosure of a transaction or allegation of fraud in the first instance, as required under the FCA. Accordingly, the district court erred in applying the public disclosure bar. *See id*. at 580. In light of this determination, we need not address the original source issue or denial of leave to amend. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**REVERSED AND REMANDED**.

5