**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANI GHARIBIAN, Relator; ex rel United States of America, | No.   21-56253 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-04777-MCS-PLA |
| and | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Plaintiffs, | |
| v. | |
| VALLEY CAMPUS PHARMACY, INC., DBA TNH Advanced Speciality Pharmacy; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted November 17, 2022
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: TASHIMA and NGUYEN, Circuit Judges, and FITZWATER,[**] District Judge.

Appellant Ani Gharibian ("Gharibian") appeals the dismissal under Federal Rule of Civil Procedure 12(b)(6) of her *qui tam* action alleging False Claims Act violations and related state-law claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gharibian, as a *qui tam* relator, sued Defendants-Appellees Valley Campus Pharmacy, Inc., d/b/a TNH Advanced Specialty Pharmacy ("TNH"), Diplomat Pharmacy, Inc., and OpumRx, Inc. (collectively, "Appellees"), alleging that they had engaged in a fraudulent course of conduct that violated the federal False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), and various analogous state laws. In sum, Gharibian, a former TNH employee, alleged that Appellees had instructed their employees to misrepresent who their employers were and to falsify patient records in order to procure prior authorizations for prescription medications from insurance providers. After dismissing Gharibian's complaint and granting her leave to amend, the district court dismissed Gharibian's second amended complaint ("SAC") for failure to state a claim. Gharibian appeals the judgment dismissing her SAC.

---

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

2

The district court dismissed Gharibian's claims related to Appellees' instructing their employees to misrepresent who their employers were on the grounds that the SAC did not adequately plead materiality and that most of the alleged misrepresentations did not involve claims made to government payors. The district court dismissed the allegations pertaining to falsifying patient records on the ground that they lacked specificity.

We review de novo the grant of a motion to dismiss for failure to state a claim. *E.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). We presume that all factual allegations in the operative complaint are true, and we view them in the light most favorable to the appellant, but we disregard conclusory allegations. *Id.* "In reviewing the dismissal of a complaint, we inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "We can affirm a 12(b)(6) dismissal on any ground supported by the record, even if the district court did not rely on the ground." *United States v. Corinthian Colls.*, 655 F.3d 984, 992 (9th Cir. 2011) (internal quotation marks omitted).

"[A] plaintiff must plead FCA claims with particularity under Federal Rule of Civil Procedure 9(b)." *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med.*

*Ctr, Inc.*, 953 F.3d 1108, 1116 (9th Cir. 2020) (internal quotation marks omitted). "In alleging fraud or mistake, Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and alteration omitted).

In the context of the FCA, "it is sufficient to allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id*. at 998-99 (internal quotation marks omitted). "Rule 9(b) does not require a relator to allege the details of every false claim submitted to the federal government for reimbursement." *United States ex rel. Solis v. Millennium Pharms., Inc.*, 885 F.3d 623, 628-29 (9th Cir. 2018). But allegations made on the basis of "information and belief," such as those in the instant SAC, must also state the factual basis for the belief. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

The FCA is "intended to reach all types of fraud, without qualification, that might result in financial loss *to the Government*." *United States v. Neifert-White Co.*, 390 U.S. 228, 232 (1968) (emphasis added). The elements of an FCA claim are "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) *the government* to pay out money or forfeit moneys due." *United*

*States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006) (emphasis added). Accordingly, to plead a plausible FCA claim and a claim under state-law analogues, a complaint must adequately allege that the claim was made to a government payor.

1. With respect to all but two allegations, the SAC does not adequately plead that a false claim was made to a government payor. The inadequate parts of the SAC are insufficient either because they specifically identify a private insurer—for instance, "'Anthony' called Express Scripts for Anthem," or "[i]n an August 1, 2016 phone call to BlueCross Blue Shield of Michigan"—or because they are conclusory—for example, asserting that Appellees "regularly made false and fraudulent statements to government and private insurers." The former category of allegations fails to plead a government payor. The latter category is based on "information and belief" and does not adequately state the factual basis for the belief. For these reasons, all but two allegations of the SAC fail to plead a plausible claim for relief.

2. The remaining two allegations are also insufficient, but for a different reason: they fail to adequately allege materiality. Materiality, like the existence of a government payor, is an essential element of an FCA claim. *Hendow*, 461 F.3d at 1174. "Under the [FCA], the misrepresentation must be material to the other party's

course of action." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 191 (2016). The FCA defines materiality as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4). "Under any understanding of the concept, materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation." *Escobar*, 579 U.S. at 193 (internal quotation marks and alterations omitted).

Both remaining allegations pertain to Appellees' practice of instructing their employees to misrepresent the identities of their employers when seeking prior authorizations for prescription medications from insurance providers. The allegations of the SAC do not plausibly plead that this practice was material to an insurer's decision to grant prior authorization. The SAC does not allege that insurers would have refused to pay had they known that the request was coming from a pharmacy rather than from a physician's office.

Gharibian's authorities supporting the proposition that physicians are supposed to be the ones obtaining prior authorizations do not establish that the caller's identity is information that would influence the decision-making of insurance providers. The Supreme Court has held that "when evaluating materiality under the False Claims Act, the Government's decision to expressly identify a provision as a condition of payment

6

is relevant, but not automatically dispositive." *Escobar*, 579 U.S. at 194. Some Medicare regulations appear, in fact, to contemplate that individuals other than physicians or their representatives will be the ones obtaining prior authorizations on behalf of patients. *See, e.g.*, 42 C.F.R. § 423.566(b).

Because the SAC fails to adequately plead materiality with respect to the two remaining allegations, the district court did not commit reversible error in dismissing the SAC in its entirety.

**AFFIRMED**.