**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUSTIN EUGENE RICE, | No. 22-15648 |
| Petitioner-Appellant, | D.C. No. 1:18-cv-00111-JLT-JDP |
| v. | |
| DANIEL PARAMO, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted February 7, 2023[**]
San Francisco, California

Before: BYBEE and BUMATAY, Circuit Judges, and BENNETT,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Petitioner-Appellant, Justin Eugene Rice, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Rice seeks relief from his conviction on three counts of second-degree murder on the grounds of ineffective assistance of counsel and insufficient evidence.

Rice argues that he was rendered ineffective assistance of counsel because his attorney informed the trial court that it could not accept an initial verdict for the lesser offense of involuntary manslaughter without the jury first returning a not-guilty verdict on second degree murder. After the jury deliberated further, it returned a guilty verdict on the greater charges. Rice also argues that there was insufficient evidence to support his second-degree murder charges.

We have jurisdiction over the final judgment of the district court under 28 U.S.C. § 1291 and review the district court's denial of a habeas petition de novo. *Martinez v. Cate*, 903 F.3d 982, 991 (9th Cir. 2018). We affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief may only be granted on claims that have been "adjudicated on the merits in State court proceedings" and where that adjudication resulted in a decision "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as

fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotations and citation omitted); *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (holding that relief under AEDPA is only appropriate where the state court's determination is "objectively unreasonable" as opposed to simply "incorrect or erroneous").

Under AEDPA's deferential standard of review, we must deny relief on the ineffectiveness of counsel claim.[1]  A fairminded jurist could conclude that Rice's attorney's performance was within the range of professional norms and that there is no reasonable probability that the outcome would be different if counsel remained silent.  *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (to demonstrate ineffective assistance of counsel a petitioner must show that trial counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

The state court could reasonably have concluded that counsel's performance was reasonable due to his "duty of good faith and candor in dealing with the

---

[1] The state argues that Rice has failed to exhaust his claim of ineffective assistance.  Rather than resolve the issue of exhaustion, however, we opt to reach the merits of Rice's claim and reject it, as it is "perfectly clear" that Rice "does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

3

judiciary." *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985). Alternatively, it could have concluded that counsel's performance was reasonable because he made a quick decision to ensure the not-guilty verdicts on second degree murder were recorded as required. Although the improperly completed verdict forms would have resulted in a valid acquittal on the greater charges, *People v. Fields*, 13 Cal. 4th 289, 311 (1996), counsel could reasonably have believed the jury intended to acquit based on repeated instruction and been unaware that improperly completed verdict forms would result in a valid acquittal. *See Richter*, 562 U.S. at 110 ("[A]n attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."). Because a reasonable jurist could find that counsel's performance was not deficient, we do not reach the issue of whether Rice was prejudiced. *See Runningeagle v. Ryan*, 686 F.3d 758, 777 n.9 (9th Cir. 2012).

We do not reach the merits of Rice's sufficiency of the evidence claim because it was forfeited. "[W]e will not ordinarily consider matters on appeal that not specifically and distinctly raised and argued in appellant's opening brief." *In re J.T. Thorpe, Inc.*, 870 F.3d 1121, 1124 (9th Cir. 2017) (quoting *Int'l Union of Bricklayers & Allied Craftsman Loc. Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985)). In his opening brief, Rice did not raise the argument

4

that there was insufficient evidence to convict him of second degree murder. As such, he forfeited the argument.

**AFFIRMED.**